IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                               CV 10-00238 WJ/SMV

NICOLE HICKS, et al.,

        Defendants,

and

BERNARD GARCIA AND PATTI GARCIA,

       Plaintiffs,

v.                                                                                              CV 15-00258 RB/WPL

ROSSER KNEE, as Receiver for the
United States Government,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING UNITED STATES' MOTION FOR CONSOLIDATION**

    THIS MATTER comes before the Court upon the Motion for Consolidation, **(Doc. 111)**; **(15-cv-258 Doc. 7)**,[1] filed by the United States of America in April 2015. Having reviewed the parties' briefs and applicable law, the Court finds that the motion is not well taken and, therefore, is **DENIED**.

---

[1] Unless otherwise indicated, document numbers refer to the filing in the lower-numbered case *United States v. Hicks*, 10-cv-238.

The lower-numbered case, filed in March of 2010, is an action brought by the United States for the collection of unpaid federal taxes and for the enforcement of tax liens against property in which the Defendants have or claim an interest. Two Defendants have entered into a stipulation with the United States resolving claims against them, one Defendant disclaimed interest in the property at issue and has been dismissed, and the United States has obtained default judgment against all remaining Defendants. On November 26, 2014, at the request of the United States, the Court appointed Receiver Rosser Knee to take possession of and sell real property at issue in this case in order to satisfy the United States' liens. *See* **(Doc. 110)**, Order. The Court will need to confirm any property sale(s) arranged by the Receiver, but otherwise this case appears to be almost ready for closure.

In March of 2015, five years after the United States filed the earlier case, the United States removed from state court the second case which was filed by pro se Plaintiffs Bernard and Patti Garcia asserting claims involving a lease agreement covering the property from the first case subject to the United States' tax liens. *See* **(15-cv-258 Doc. 1 Ex. 1)**, Complaint. The leased property at issue, located at 4514-4516 Second Street Northwest, Albuquerque, New Mexico, is purportedly under the receivership ordered by the Court. The Garcias allege that in February 2015, the Receiver sent them a notice of eviction ordering them to vacate the premises before March 31, 2015. In their state-court complaint, the Garcias bring allegations of breach of contract, conversion, fraud, negligent misrepresentation, breach of the duty of good faith and fair dealing, and prima facie tort against the Receiver. The United States intervened in that action and removed it to federal court. *See* **(15-cv-258 Doc. 1)**, Notice of Removal. The Receiver has answered, **(15-cv-258 Doc. 4)**, and has filed a motion to dismiss the case based on the defenses of judicial and sovereign immunity, **(15-cv-258 Doc. 8)**.

The United States now seeks consolidation of these actions, claiming that any costs incurred by the Receiver in defending against the Garcias' action "will directly reduce the amount recoverable from the property to satisfy the United States' tax liens" and that the Garcias' are interfering with his ability to sell the property by failing to vacate the property. The United States asserts that any issues relating to the sale of the property or its administration while it is being marketed for sale would be most conveniently heard by the Court administering the foreclosure of the properties. The United States also argues that the Court "is also the most familiar with the various subparts of the property to be sold, the varying title history of each subpart, and nature of current ownership."

Although Defendants in the foreclosure action are not opposed to consolidation, the United States represents that the Garcias are opposed. However, because the Garcias did not timely file a response to the United States' motion, they are construed as having consented to the granting of the motion. *See* D.N.M.LR-Civ. 7.1(b).

Federal Rule of Civil Procedure 42(a) vests district courts with broad discretionary authority with respect to consolidation. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The rule allows a court to "decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quotation omitted). Under Rule 42(a), consolidation is permitted "[i]f [the] actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). If a court determines that a common question exists between two or more cases, it must then determine whether consolidation of the actions would "achieve[] convenience and economy in the administration of justice." *See Boggs v. Chesapeake Energy Corp.*, 286 F.R.D. 621, 623 (W.D. Okla. 2012).

The Court finds that consolidation is not appropriate in this instance. The only legal or factual issues remaining to be resolved in the earlier case against Defendants relate to the eventual need for the Court to confirm any sale by the Receiver of the property in question. Yet, none of the issues relating to confirmation have any bearing on the factual and legal questions before the Court in the Garcias' action against the Receiver. Further, the question of whether the Receiver breached his contract with the Garcias, engaged in fraudulent conduct, or any other allegations raised in the second case will have no bearing on the question of whether confirmation is ultimately appropriate in the lower-numbered action. Simply put, there are no common questions of law or fact shared by the two actions.

Further, even if the two cases shared a common question of law or fact, the Court is unconvinced that consolidation would increase convenience or economy in the administration of justice. The United States has already intervened in the contract dispute, and it does not appear that any other party to the foreclosure action intends to involve itself in that matter. If those parties, like the United States, believe that they have standing and are entitled to a say in the breach of contract action, they may attempt to intervene pursuant to the appropriate procedural rule. Moreover, the Court's familiarity with the dispute underlying the foreclosure action does not give it any special insight as to whether a breach of contract occurred between the Receiver and the Garcias. The Court sees no advantage, to the parties or to the Court itself, to bringing the breach of contract action into a foreclosure case filed five years ago.

For the foregoing reasons, the Motion for Consolidation filed by the United States, **(Doc. 111)**; **(15-cv-258 Doc. 7)**, is hereby **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE