IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERNARD GARCIA,
PATTI GARCIA,

          **Plaintiffs,**

vs.                                      **No. 1:15-cv-00258 RB/WPL**

ROSSER KNEE, a Receiver for the
United States Government,

          **Defendant,**

UNITED STATES OF AMERICA,

          **Intervenor.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim and Due to Judicial Immunity and Sovereign Immunity.  (Doc. 8.)  Plaintiffs did not file a response in opposition to the motion.  Having considered the submissions of counsel and relevant law, the Court grants this motion and denies Defendant's request for attorney's fees and costs.

**I.     Background**

In March 2010, the United States filed an action for the collection of unpaid federal taxes and for the enforcement of tax liens against property, including the leased property at issue in this case, located at 4514-4516 Second Street Northwest, Albuquerque, New Mexico.  *See United States v. Hicks, et al.*, 1:15-cv-0258 RB/WPL.  Therein, two defendants entered into a stipulation with the United States resolving claims against them, one defendant disclaimed interest in the property and was dismissed, and the United States obtained a default judgment against the remaining defendants.  (*Id.*)

On November 26, 2014, United States District Judge William P. Johnson appointed Defendant Rosser Knee as Receiver for the United States Government to take possession of and sell the property. *See United States v. Hicks, et al.*, 1:10-cv-0238 RB/SMV (Doc. 110.)  More specifically with respect to the property at issue, the Order directs Defendant to:

> 1. ...to take possession of the 2nd Street Property to be sold, including all buildings, improvements, fixtures, appurtenances, materials, and equipment thereon, within five days from the entry of this order or, if necessary, from the date the properties to be sold are vacated. The Receiver shall take all steps necessary to preserve and protect the value of the 2nd Street Property to be sold, to put it into saleable condition, and to arrange for the sale of the properties to be sold, . . .
> 2. The Receiver shall have the authority to arrange for sale of the 2nd Street Property to be sold, subject to confirmation by this Court, in any manner approved by the United States . . .
> 3. The Receiver shall have all of the rights and powers necessary to fulfill its obligations under this order, specifically including, but not necessarily limited to, the power to enter onto the 2nd Street Property, to manage the 2nd Street Property to be sold, to collect rents on the 2nd Street Property to be sold, to advertise the sale of the 2nd Street Property to be sold, to put the 2nd Street Property to be sold into saleable condition, and to take any action reasonably necessary to protect and preserve the value of the 2nd Street Property to be sold prior to sale . . . .

On January 10, 2015, Defendant Rosser Knee as Receiver for the United States Government entered into a Lease with "Bernard and Terri Garcia dba ProBizPartners, LLC" for "five different areas of warehouse, storage and office trailer within the complex located at 4514 and 4516 2nd St.[.]" (Doc. 1-2.)  An Addendum to Lease states that the tenants "understand that the property is now owned by the United States Government and the property is being offered for sale." (*Id.*)  "Upon the sale and closing of sale, tenant[s] shall be given 20 days to relocate and vacate the premise[s]." (*Id.*)  The Addendum to Lease states that the "Receiver reserves the right to terminate this lease at any time prior to the property being sold for any reason he deems appropriate . . . ." (*Id.*)  Paragraph 25 of the Lease states: "The Lease . . . constitutes the entire agreement of the parties and may be modified only in writing signed by Lessor and Lessee."

(*Id*.)  The Lease and the Addendum to Lease were signed by Bernard Garcia and Patti Garcia as "managing members" of ProBizPartners, LLC.  (*Id*.)

On February 9, 2015, Defendant sent a letter to Bernard Garcia and Patti Garcia dba ProBizPartners, LLC stating that a representative of the United States Government had instructed him to "move the existing tenants off the property as soon as possible." (Doc. 1-2.)  Defendant explained that there had been friction between Tenants over "parking, office use, loud music, and the washing of cars, etc."  (*Id.*)  In the letter, Defendant stated that he had tried to gain the cooperation of Plaintiffs and the other tenants by lowering the rent to no avail.  (*Id.*)  Defendant cited other problems such as late rent, lack of insurance, and disagreements over utility payment arrangements.  (*Id.*)  Defendant stated that there were "just too many problems associated with the Tenants at this property, and there will only be more problems in the future."  (*Id.*)  Defendant gave Bernard Garcia and Patti Garcia dba ProBizPartners, LLC written notice to vacate the premises on or before March 31, 2015.  (*Id*.)  On February 11, 2015, ProBizPartners, LLC, Bernard Garcia and Patti Garcia sent Defendant a letter stating, *inter alia*, that they would not leave the premises voluntarily.  (Doc. 1-2, Ex. B.)

On March 3, 2015, Plaintiffs filed a *pro se* Complaint in the Second Judicial District Court of the State of New Mexico asserting claims for breach of contract, conversion, fraud, negligent misrepresentation, breach of the duty of good faith and fair dealing, and prima facie tort.  (Doc. 1-1.)  On March 27, 2014, the United States intervened and removed the matter to this Court pursuant to 28 U.S.C. §§ 1441(a), 1441(c), and 1442(a)(1), (2) and (3).  (Doc. 1.)

On April 24, 2015, Defendant filed a motion to dismiss for failure to state a claim and due to judicial and sovereign immunity.  (Doc. 8.).  Plaintiffs did not file a response in opposition to the motion.

## II.      Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted).  When applying this standard the court must "accept as true all well-pleaded factual allegations" and view those allegations "in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

## III.     Discussion

### A.      *Pro se* Plaintiffs

Plaintiffs are proceeding *pro se*.  The Court, therefore, reviews their "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, *pro se* litigants' "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Notably, *pro se* status does not entitle Plaintiffs to an application of different rules of civil procedure.  *See Montoya v.*

*Chao*, 296 F.3d 952, 957 (10th Cir. 2002).  The Court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  The Court may not act as an advocate for a *pro se* litigant.  *See Hall,* 935 F.2d at 1110.

Defendant correctly points out that as *pro* se parties Plaintiffs may not represent ProBizPartners, LLC.  The Lease identifies the lessee as "Bernard and Terri Garcia dba ProBizPartners, LLC."  (Doc. 1-2.)  "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*."  *Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552, 556 (10th Cir. 2001).  Consistent with that rule, D.N.M.LR-Civ. 83.7 provides "[a] corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court."  Because the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted, it is unnecessary to resolve this issue.

### B.      Lack of response

Plaintiffs did not file a response to the motion to dismiss.  Local Rule 7.1(b) provides that the "[f]ailure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."   D.N.M.LR-Civ. 7.1(b).  However, the Tenth Circuit has held that a district court cannot grant a motion based solely on a party's failure to respond, but rather must consider the merits of the motion.  *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003).  Thus, the Court will consider the merits of the motion to dismiss.

C.      **Failure to state a claim**

Plaintiffs allege that Defendant breached the contract by prematurely evicting them. Plaintiffs do not allege supporting factual allegations for this claim.  (Doc. 1-1.)  Additionally, the Addendum to Lease allows Defendant to evict the tenants with a twenty-day notice.  (Doc. 1-2.)  Plaintiffs admit that Defendant gave them over forty days advance notice to vacate the premises.  Accordingly, Plaintiffs failed to state a claim for breach of contract.

In Count II, Plaintiffs assert conversion.  (Doc. 1-1.)  The only allegation in support of this claim is that Defendant "converted the rent payments for his own personal gain as rent payments were made out to [Defendant] personally and not the United States Government."  (*Id.*)  Plaintiffs allege no facts to support this conclusion. (*Id.*)  Plaintiff's conclusory allegations are insufficient to state a claim for conversion.

In Count III, Plaintiffs allege fraud.  (Doc. 1-1.)  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  *See* Fed. R. Civ. P. 9(b).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."  *United States ex rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 232 F.3d 902, 2000 WL 1595976, at *3 (10th Cir. 2000) (unpublished decision).  Plaintiffs allege that the fraud consisted of a misrepresentation that Defendant is a receiver for the United States Government.  The Court notes that Judge Johnson appointed Defendant Receiver for the United States.  Thus, this allegation is refuted by the Court's records.  Secondly, Plaintiffs allege that Defendant misrepresented that they "would not be evicted only if there was a buyer for the property" [sic].  This assertion is refuted by the plain language of the Lease and the Addendum to Lease.  The Addendum to Lease recites that the property is being offered for sale and the tenants would be given twenty days to relocate and vacate the premises.  However, neither the

6

Lease nor the Addendum to Lease state that the lease could be terminated only upon the sale of the property.  On the contrary, the Addendum to Lease states that the "Receiver reserves the right to terminate this lease at any time prior to the property being sold for any reason he deems appropriate . . . ." (*Id.*)  Moreover, oral statements could not modify the Lease and Addendum to Lease because Paragraph 25 of the Lease states: "The Lease . . . constitutes the entire agreement of the parties and may be modified only in writing signed by Lessor and Lessee."  (*Id.*)  Thus, the plain language of the Lease and the Addendum to Lease foreclose Plaintiffs' claim for fraud.

In Count IV, Plaintiffs allege negligent misrepresentation. The allegations are the same as those alleged for Count II, with an additional allegation concerning a trailer on the premises. The Addendum to Lease states that the trailer is the property of a third party who is to be paid rent by plaintiffs, for "use of the office trailer."  (Doc. 1-2.)  Plaintiffs allege that Defendant stated the trailer was to be shared by all tenants on the property but Plaintiffs were paying for "all expenses in the trailer" and had a right to the trailer under the lease.  This assertion is refuted by the plain language of the Lease and the Addendum to Lease.  Plaintiffs failed to allege facts sufficient to state a plausible claim for misrepresentation.

In Count V, Plaintiffs allege a breach of the covenant of good faith and fair dealing. The actions identified as the basis for this claim are the same claims made in the preceding counts. The allegations are refuted by the plain terms of the Lease and Addendum to Lease.  Plaintiffs failed to allege sufficient factual allegations to state a claim for breach of the covenant of good faith and fair dealing.

In Count VI, Plaintiffs allege prima facie tort.  The New Mexico Supreme Court officially recognized a cause of action for prima facie tort in *Schmitz v. Smentowski*, 785 P.2d 726, 734 (1990).  Therein, the New Mexico Supreme Court held that prima facie tort occurs

when a lawful act is conducted with an intent to injure and without sufficient economic or social justification, resulting in injury. *See id.* at 730. The generally recognized elements of prima facie tort, adopted by the New Mexico Supreme Court in *Schmitz*, are: (1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; (4) and the absence of sufficient justification for the injurious act. *Id.* at 734. Defendant clearly acted with justification as he acted in accordance with Judge Johnson's order. Early termination of the Lease was authorized by the plain language of the Lease and Addendum to Lease. Defendant's letter informed Plaintiffs that the United States Government requested that the Tenants vacate the property to facilitate the sale. In that the acts of Defendant were justified, Plaintiffs failed to state a claim for prima facie tort.

### D.   Quasi-judicial immunity

Defendant asserts that as a court-appointed receiver he is entitled to quasi-judicial immunity. Judges and judicial officials enjoy absolute immunity from suit for acts performed in their official capacities. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *T & W Invest. Co. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978). As a derivative of this judicial immunity, non-judicial "officials charged with the duty of executing a facially valid court order enjoy absolute immunity." *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (quoting *Valdez v. City & County of Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989)). The Supreme Court and the Tenth Circuit have clearly stated that quasi-judicial immunity is extended on the basis of the function being performed. *Forrester v. White*, 484 U.S. 219, 227 (1988); *Valdez*, 878 F.2d at 1287.

Accordingly, quasi-judicial immunity extends only to non-judicial officers whose "acts [are] intertwined with the judicial process," *Valdez*, 878 F.2d at 1287, and whose "duties ha[ve] an integral relationship with the judicial process," *Whitesel v. Sengenberger*, 222 F.3d 861, 867

(10th Cir. 2000).  Thus, a court-appointed receiver has absolute quasi-judicial immunity if he is faithfully carrying out the appointing judge's orders, *T & W Inv. Co.*, 588 F.2d at 802, because "[e]nforcing a court order . . . is intrinsically associated with a judicial proceeding," *Valdez*, 878 F.2d at 1288. In order to be immune, the receiver must act within the scope of his authority in carrying out a court order. *Turney*, 898 F.2d at 1474 (stating that "absolute immunity extended only to acts prescribed" by the court order).  The Tenth Circuit has held that "a receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity." *T & W Inv. Co. v. Kurtz*, 588 F.2d at 802.

In the case at hand, the key questions focus on Defendant's functions as a Receiver, and whether Plaintiffs have alleged that he exceeded the scope of his authority.  Plaintiffs generally allege that Defendant converted the rent payments for his own personal gain because the rent checks were made out to Defendant and Defendant made "continuing misrepresentations and omissions to [Plaintiffs] and third parties in order to convert funds of [Plaintiffs]."  Plaintiffs allege no facts in support of these claims.  The Complaint includes no plausible allegations that Defendant acted outside the scope of the authority granted to him by the Order appointing him as Receiver.  In the Order, Judge Johnson directed Defendant "to put [the property] into saleable condition" and sell the property.  Defendant acted within the scope of his duties when he terminated the lease in order to put the property in a saleable condition.  For these reasons, Defendant is entitled to absolute quasi-judicial immunity.

### E.      Sovereign immunity

Defendant contends that the Complaint is barred by sovereign immunity.  The Federal Torts Claim Act provides the exclusive remedy for common law negligence claims against federal agencies or their employees acting within the scope of their employment.  *See* 28 U.S.C.

§§ 2671-2680.  The Federal Torts Claim Act requires plaintiffs to exhaust their administrative remedies before filing a lawsuit.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). As a prerequisite to filing suit under the Federal Torts Claim Act, plaintiffs must first present their tort claims to the appropriate administrative agency. 28 U.S.C. § 2675(a).  Plaintiffs have failed to allege that they presented their claims to the Internal Revenue Service.  Therefore, Plaintiffs' claims are barred by sovereign immunity.

   **F.**   **Request for attorney's fees and costs.**

   Defendant requests an award of attorney's fees and costs.  However, Defendant neither supports this request with citation to legal authority nor complied with requirements of D.N.M.LR-Civ. 54.  The Court will deny Defendant's request for attorney's fees and costs as unsupported.

**V.**   **Conclusion**

   The Court has considered the merits of Defendant's motion to dismiss and determined that the Complaint fails to state a claim and Defendant is entitled to quasi-judicial and sovereign immunity.

   **THEREFORE,**

   **IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim and Due to Judicial Immunity and Sovereign Immunity, (Doc. 8), is **GRANTED**.

   **IT IS ORDERED** that Defendant's request for attorney's fees and costs is **DENIED**.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**